## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATRICK PLUMLEY, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| ESSENDANT INC., RICHARD D. PHILLIPS, CHARLES K. CROVITZ, DENNIS J. MARTIN, SUSAN J. RILEY, ALEXANDER M. SCHMELKIN, STUART A. TAYLOR, II, PAUL S. WILLIAMS, ALEX D. ZOGHLIN, EGG PARENT INC., and EGG MERGER SUB INC., | ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     This action stems from a proposed transaction announced on September 14, 2018 (the "Proposed Transaction"), pursuant to which Essendant Inc. ("Essendant" or the "Company") will be acquired by affiliates of Staples, Inc.

2.     On September 14, 2018, Essendant's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Egg Parent Inc. ("Parent") and Egg Merger, Inc. ("Merger Sub," and together with Staples, Inc. and Parent, "Staples").  Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to acquire all of Essendant's

outstanding common stock for $12.80 per share in cash.  The Tender Offer is set to expire on October 22, 2018.

3.     On September 24, 2018, defendants filed a Schedule 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Essendant common stock.

9.    Defendant Essendant is a Delaware corporation and maintains its principal executive offices at One Parkway North Blvd., Suite 100, Deerfield, Illinois 60015.  Essendant's common stock is traded on the NasdaqGS under the ticker symbol "ESND."  Essendant is a party to the Merger Agreement.

10.    Defendant Richard D. Phillips ("Phillips") is President, Chief Executive Officer ("CEO"), and a director of Essendant.

11.    Defendant Charles K. Crovitz ("Crovitz") is a director of Essendant.

12.    Defendant Dennis J. Martin ("Martin") is a director of Essendant.

13.    Defendant Susan J. Riley ("Riley") is a director of Essendant.

14.    Defendant Alexander M. Schmelkin ("Schmelkin") is a director of Essendant.

15.    Defendant Stuart A. Taylor, II ("Taylor") is a director of Essendant.

16.    Defendant Paul S. Williams ("Williams") is a director of Essendant.

17.    Defendant Alex D. Zoghlin ("Zoghlin") is a director of Essendant.

18.    The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19.    Defendant Parent is a Delaware corporation and is a party to the Merger Agreement.

20.    Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Essendant (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.    This action is properly maintainable as a class action.

23.     The Class is so numerous that joinder of all members is impracticable.  As of September 5, 2018, there were approximately 37,644,198 shares of Essendant common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

28.     Essendant is a leading national distributor of workplace items, with 2017 net sales of $5.0 billion.

29.     The Company provides access to a broad assortment of over 170,000 items, including janitorial and breakroom supplies, technology products, traditional office products, industrial supplies, cut sheet paper products, automotive products, and office furniture.

30.     Essendant serves a diverse group of customers, including independent resellers, national resellers, and e-commerce businesses.  The Company's network of distribution centers enables the Company to ship most products overnight to more than ninety percent of the United States.

31.     On April 12, 2018, Essendant announced that it had entered into an agreement and plan of merger with Genuine Parts Company to combine Essendant and Genuine Parts Company's S.P. Richards business (the "Previous Proposed Transaction").

32.     According to the press release announcing the Previous Proposed Transaction, the Previous Proposed Transaction was structured as a Reverse Morris Trust, in which Genuine Parts Company would separate S.P. Richards into a standalone company and spin off that standalone company to Genuine Parts Company shareholders, immediately followed by the merger of Essendant and the spun-off company.

33.     The Previous Proposed Transaction implied a valuation of S.P. Richards of approximately $680 million, reflecting the value of the Essendant shares to be issued at closing plus one-time cash payments to Genuine Parts Company of approximately $347 million, subject to adjustments at closing.

34.     Upon closing of the Previous Proposed Transaction, Genuine Parts Company shareholders would have owned approximately 51% and Essendant shareholders would have owned approximately 49% of the combined company on a diluted basis, with approximately 80 million diluted shares expected to be outstanding.

35.     The Previous Proposed Transaction was expected to be tax-free to Essendant and Genuine Parts Company shareholders.

36.     On May 16, 2018, the Company announced that it had received an unsolicited proposal from Staples, Inc. to acquire all shares of Essendant stock for $11.50 per share in cash. According to the May 16, 2018 press release:

> On April 17, 2018, Staples communicated its initial proposal to Essendant, which Essendant declined after thorough review by its Board in consultation with its financial and legal advisors.  Staples sent a revised proposal on April 29, 2018 stating that it believed it will be able to identify incremental value opportunities to enable it to increase its offer significantly in excess of $11.50 per share after receiving confidential information and engaging in discussions with Essendant.  On May 4, 2018, in consultation with its financial and legal advisors, Essendant's Board determined that Staples' revised proposal is reasonably likely to lead to a "Superior Proposal" as defined in the merger agreement with Genuine Parts Company ("GPC").  There can be no assurance that the Staples proposal will result in a transaction.
>
> On May 7, 2018, GPC made an enhanced proposal to the previously announced merger agreement with Essendant under which Essendant shareholders would be provided a nontransferable right to a contingent cash payment following completion of the merger and based on the subsequent trading price of Essendant shares. The contingent payment would have a maximum value of $4.00 per share and a minimum value of zero.  Specifically, the contingent payment would be equal to $12.00 per share minus the greater of (a) the weighted average price of Essendant shares during a 20-day measurement period ending at the later of (i) December 31, 2019 or (ii) the 12-month anniversary of closing, or (b) $8.00, subject to other terms and conditions.  There can be no assurance that the GPC merger agreement will be amended to incorporate this proposal.
>
> As previously announced on April 12, 2018, Essendant entered into a definitive merger agreement to combine Essendant and GPC's S.P. Richards business in a Reverse Morris Trust transaction. Upon closing of the transaction, GPC shareholders will own approximately 51% and Essendant shareholders will own

approximately 49% of the combined company. The merger agreement with GPC remains in effect, and the Essendant Board has not changed its recommendation that Essendant's shareholders vote in favor of that transaction.

37. On September 10, 2018, Essendant announced that the Individual Defendants intended to terminate the merger agreement with Genuine Parts Company in favor of a transaction with Staples. According to the September 10, 2018 press release:

> Essendant, Inc. (NASDAQ: ESND) today announced that its Board of Directors, after consultation with Essendant's legal and financial advisors, has determined that the proposal from Staples, Inc. ("Staples") to acquire all of the outstanding shares of Essendant common stock for $12.80 per share in cash (the "Staples proposal") constitutes a "Superior Proposal" as defined in Essendant's previously announced merger agreement with Genuine Parts Company (NYSE: GPC) ("GPC"). Staples previously submitted an unsolicited offer on April 17, 2018, which it reaffirmed on September 4, 2018, to acquire all of the outstanding shares of Essendant common stock for $11.50 per share in cash. As part of its current proposal, Staples delivered to Essendant a merger agreement signed by Staples.

> As previously announced, Essendant and GPC entered into a definitive merger agreement on April 12, 2018, in which Essendant agreed to combine with GPC's S.P. Richards business (the "S.P. Richards merger agreement").

> Essendant is delivering notice to GPC of the Board's determination that the Staples proposal constitutes a Superior Proposal and intends to terminate the S.P. Richards merger to enter into the merger agreement with Staples. Under the terms of the S.P. Richards merger agreement, such notice commences a three business day period, during which the Essendant Board may not change its recommendation that shareholders vote in favor of the S.P. Richards transaction nor terminate the S.P. Richards merger agreement. During this period, GPC has the right to propose amendments to the terms of the S.P. Richards merger agreement.

> There can be no assurance that the Staples proposal will result in the consummation of a transaction. Further, there can be no assurance that GPC will propose any adjustments to the S.P. Richards merger agreement. At this time, Essendant remains subject to the S.P. Richards merger agreement and the Essendant Board has not changed its recommendation with respect to the S.P. Richards transaction, nor has it made any recommendation with respect to the Staples proposal.

38. Two days later, Essendant's largest shareholder, Pzena Investment Management ("Pzena"), announced that it was opposed to Staples, Inc.'s proposed acquisition of the Company. According to the September 12, 2018 press release issued by Pzena:

As Essendant's largest shareholder, Pzena Investment Management believes that the proposal from Staples to acquire Essendant at $12.80 a share does not constitute a superior offer to the proposed merger with SP Richards, nor does the offer of $12.80 adequately value the company independent of the SP Richards transaction. For that reason, Pzena Investment Management does not intend to support the Staples proposal as it currently stands if and when it is presented to shareholders.

39.     Nevertheless, on September 14, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with Staples.

40.     Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of Essendant's outstanding common stock for $12.80 per share in cash.

41.     According to the press release announcing the Proposed Transaction:

Staples, Inc. and Essendant Inc. (NASDAQ: ESND) today announced that they have entered into a definitive agreement under which an affiliate of Staples, the world's largest office solutions provider, will acquire all of the outstanding shares of Essendant common stock for $12.80 per share in cash, or a transaction value of $996 million including net debt. . . .

Transaction Terms

The $12.80 per share purchase price reflects a 51% premium to Essendant's share price on April 11, 2018, the day before the company announced plans to merge with GPC's S.P. Richards business, and a 10.3x multiple of last-twelve-months Adjusted EBITDA.

The transaction will be implemented through a cash tender offer at $12.80 per share. The transaction is conditioned upon, among other things, the number of Essendant shares included in the tender offer, together with the 11.15% of Essendant's outstanding common shares currently owned by Staples and its affiliates, representing more than 50% of Essendant's outstanding common shares, expiration of all applicable waiting periods under the Hart-Scott-Rodino (HSR) Antitrust Improvements Act of 1976, and other customary closing conditions. If the tender offer is consummated, the tender offer will be followed by a merger in which any shares of Essendant common stock not purchased in the offer will be converted into the right to receive the same $12.80 per share in cash. The transaction is not subject to a financing condition and is expected to close in the fourth quarter.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

42.     Despite the Company's largest shareholder opposing the Proposed Transaction, Merger Sub commenced the Tender Offer on September 24, 2018, which is set to expire on October 22, 2018.

43.     The same day, defendants filed the Solicitation Statement with the SEC.

44.     The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

45.     First, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Citigroup Global Markets Inc. ("Citi").

46.     With respect to Citi's Selected Public Companies Analysis, the Solicitation Statement fails to disclose the individual multiples and financial metrics for the companies observed by Citi in the analysis.

47.     With respect to Citi's Precedent Transactions Analysis, the Solicitation Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Citi in the analysis.

48.     With respect to Citi's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the terminal values for the Company; and (ii) the inputs and assumptions underlying the range of discount rates of 9.0% to 10.4% and the range of perpetuity growth rates of 0.0% to 1.5%.

49.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

50.     Second, the Solicitation Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

51.     Specifically, the Solicitation Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

52.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

53.     Third, the Solicitation Statement omits material information regarding potential conflicts of interest of Citi.

54.     Specifically, the Solicitation Statement fails to disclose the nature of the services Citi and its affiliates currently are providing to the Company, Staples, and their affiliates, as well as the amount of compensation Citi will receive for providing such services.

55.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

56.     The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation

57.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### (Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)

58.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59.     Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

60.     Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

61.     The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

62.     The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

63.     By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

64.     The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

65.     Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be

materially incomplete and misleading.

66.     By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

67.     Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

68.     Plaintiff and the Class have no adequate remedy at law.

## COUNT II

### (Claim for Violation of 14(d) of the 1934 Act Against Defendants)

69.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

70.     Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

71.     Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

72.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

73.     Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and

misleading.

74.     The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

75.     Plaintiff and the Class have no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Staples)**

76.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

77.     The Individual Defendants and Staples acted as controlling persons of Essendant within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as directors of Essendant and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

78.     Each of the Individual Defendants and Staples was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

79.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same.   The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly connected with and involved in the making of the Solicitation Statement.

80.      Staples also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

81.      By virtue of the foregoing, the Individual Defendants and Staples violated Section 20(a) of the 1934 Act.

82.      As set forth above, the Individual Defendants and Staples had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

83.      As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

84.      Plaintiff and the Class have no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A.      Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or

necessary to make the statements contained therein not misleading;

     D.    Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

     E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

     F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: October 2, 2018

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
    Brian D. Long (#4347)
    Gina M. Serra (#5387)
    300 Delaware Avenue, Suite 1220
    Wilmington, DE 19801
    Telephone: (302) 295-5310
    Facsimile: (302) 654-7530
    Email: bdl@rl-legal.com
    Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*